IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> [100] CARLOS FRANCO-ROSADO, <br><br> Defendant. | CRIM. NO.: 11-241(DRD/SCC) |

**ORDER**

On October 1, 2015, a change of plea hearing was held before the undersigned. During the hearing, the plea agreement was amended, putatively so that it could reflect the correct statutory maximum penalties. *See* Docket No. 5236. On closer review, I believe the amendment made during the hearing is in error.

Defendant Carlos Franco-Rosado agreed to plead guilty to Count 1 of the Indictment against him, which charges a violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 860. As

correctly reflected in the original plea agreement, the statutory minimum for a violation of those provisions is ten years, and the statutory maximum is life in prison. For some reason, however, the plea agreement was amended to change the mandatory minimum to just five years. *See* Docket No. 5234, at 2. As far as I can tell, this is an error.

More critically, the amended plea agreement changed the amount of cocaine that Franco was stipulating to having possessed. In the original agreement, he would have stipulated to the possession of at least two but less than 3.5 kilograms of cocaine. As amended, however, Franco stipulated to possessing at least 400 grams but less than 500 grams of cocaine. According to the amended plea agreement, possession of this amount is sentenced under 21 U.S.C. § 841(b)(1)(B) and subjects Franco to a mandatory minimum of 2.5 years in prison, a statutory maximum of 20 years, a minimum term of supervised release of 4 years, and a fine of up to $5,000,000. To begin, these are not the penalties imposed by § 841(b)(1)(B). Worse, § 841(b)(1)(B) does not apply at all. Because Franco stipulated to possession of *less than* 500 grams, his punishment is controlled by §§ 841(b)(1)(C) and 860. *See* 21 U.S.C. § 841(b)(1)(B) (applying to possession of "500 grams or more" of cocaine).

| UNITED STATES v. FRANCO-ROSADO | Page 3 |
|---|---|

Under these provisions, Franco faces a minimum term of imprisonment of 1 year, 18 U.S.C. § 860(a)(2), and a maximum of 40 years, 18 U.S.C. §§ 841(b)(1)(C), 860(a)(1). He also faces a minimum term of supervised release of at least six years and a maximum fine of $2,000,000. 21 U.S.C. §§ 841(b)(1)(C), 860(a)(2). Of course, then, the final sentence of the penalties paragraph (which refers to § 860, and which the parties seem to have forgotten about), does not apply either, as it is also premised on the mistaken belief that § 841(b)(1)(B) applies. *See* Docket No. 5234, at 3.

Given the many mistakes in the plea agreement, which were repeated during the hearing, it is at the very minimum necessary that the Court explain to Franco the correct penalties for the Count to which he pled. The parties should thus inform the Court by October 22, 2015, of how they wish to proceed. More generally, both the United States and defense counsel must pay much more attention to their work.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of October, 2015.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE